IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH ANDRE GORDON,<br><br>          Plaintiff,<br>    v.<br><br>POLICE OFFICER MICHAEL WILLIAMS, et al.,<br><br>          Defendants. | :<br>:<br>:<br>:<br>:   CIVIL ACTION<br>:   NO. 15-111<br>:<br>:<br>:<br>:<br>: |

### MEMORANDUM

**Tucker, C.J.**                                                                                                **July 29, 2015**

      Presently before the Court is a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendant Michael Popolizio, a special agent with the United States Drug Enforcement Administration. (Doc. 14). Upon careful consideration of the Defendant's motion, Plaintiff Keith Andre Gordon's response thereto, and for the reasons set forth below, this Court will GRANT Defendant Popolizio's motion and dismiss Plaintiff's claims against him without prejudice.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

      Defendants are law enforcement officers who, at all times relevant to the Complaint, enforced drug control laws in the Philadelphia region. On October 19, 2012, Defendant Special Agent ("SA") Popolizio of the U.S. Drug Enforcement Administration ("DEA") received information from a confidential source that a person, later identified as O.D., was selling phencyclidine ("PCP"), an illegal drug. On December 12, 2012, members of the DEA and the Philadelphia Police Department's Intensive Drug Investigation Squad ("IDIS") arranged for a purchase between the confidential source and O.D. SA Popolizio set up surveillance to observe

1

and record the drug transaction. During the transaction, Police Officer Michael Williams observed an unidentified African-American man exit a dark colored Ford Edge and meet with O.D. The unidentified man received money from O.D. and then left the area in the Ford Edge. At that time, the police did not follow or obtain the identity of the unidentified African-American man. Shortly thereafter, the confidential source informed SA Popolizio that the unidentified African-American man in the Ford Edge provided O.D. with the PCP and, in return, received money from O.D. The confidential source also provided a description of the unidentified man who supplied the PCP.

On January 10, 2013, Defendants conducted another undercover purchase from O.D. using the same confidential source. During this transaction, Police Officer Michael Williams observed a person he later identified as Plaintiff operating a Ford Edge with a known license plate number. Police Officer Carol Williams also observed the driver of the Ford Edge and later identified him as Plaintiff. She saw him exit the vehicle to meet with O.D. at the time the confidential source purchased four ounces of PCP from O.D. She then observed O.D. enter the Ford Edge with the man she later identified as Plaintiff. O.D. exited the vehicle a few minutes later and the Ford Edge left the area.

The investigation led Defendants to believe that the driver of the Ford Edge, which they identified as Plaintiff, was the source of supply for the PCP. On September 25, 2013, the United States Government filed an indictment in the Eastern District of Pennsylvania charging Plaintiff and O.D. with five counts, including conspiracy to distribute PCP. Pursuant to the indictment, Plaintiff was arrested on January 6, 2014 and detained in federal custody for 64 days until March 10, 2014, when the indictment was dismissed in the interests of justice.

Plaintiff initiated suit on January 9, 2015.  Plaintiff claims that the indictment was issued without probable cause and that Defendants acted with deliberate indifference by wrongfully identifying Plaintiff as the person involved in this drug conspiracy. Plaintiff also claims that Defendants knew the Ford Edge was registered to a person with a known address and that they did not employ a proper investigation to obtain the real identity of the driver of the Ford Edge. Plaintiff brings this action against Defendants SA Popolizio, Police Officers Michael Williams and Carol Williams, and Police Sergeant Daniel Dutch alleging false arrest under *Bivens* and 42 U.S.C. § 1983, conspiracy to commit false arrest under 42 U.S.C. § 1983, and common law false arrest.[1] Defendant SA Popolizio moves to dismiss Plaintiff's Complaint.

## II.     STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). A complaint is plausible on its face when its factual allegations allow a court to draw a reasonable inference that a defendant is liable for the harm alleged. *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010). A court must accept as true all factual allegations contained in a complaint and interpret them in the light most favorable to the plaintiff. *Argueta v. U.S. Immigration & Customs Enforcement*, 643 F.3d 60, 74 (3d Cir. 2011).

The Third Circuit has established a three-step analysis for assessing the sufficiency of a complaint. *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). First, the court determines the elements a claimant must plead to state a claim. *Id*. Second, the court identifies and strikes allegations in the complaint that are mere conclusions. *Id*. These allegations include ones that are

---

[1] Plaintiff also brings a claim against the City of Philadelphia for maintaining policies and/or customs causing a violation of Plaintiff's constitutional rights.

no more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s], labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertion[s]." *Argueta*, 643 F.3d at 72 (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted). Third, the court assesses if the remaining factual allegations "plausibly give rise to an entitlement for relief." *Bistrian*, 696 F.3d at 365. This last step requires the reviewing court to "draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### III.  DISCUSSION

In *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, the Supreme Court of the United States held that an implied cause of action is available for damages resulting from a violation of the Fourth Amendment by federal officials. 403 U.S. 388, 397 (1971). "A *Bivens* action, which is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). Both § 1983 and *Bivens* actions are designed to redress constitutional violations and, though the two bodies of law are not "precisely parallel," a "general trend" is to incorporate § 1983 law into *Bivens* suits. *Davis v. McCarthy*, Civ. Action No. 12-429, 2013 WL 1704186, at *3 (D.N.J. Apr. 19, 2013) (citing *Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987)).

Plaintiff's *Bivens* claim against SA Popolizio is based on false arrest and unlawful detention. Plaintiff claims that the indictment was issued without probable cause. To maintain a false arrest claim under the Fourth Amendment, a plaintiff must show that the arresting officer lacked probable cause for the arrest. *Johnson v. Bingnear*, 441 F. App'x 848, 851 (3d Cir. 2011); *Dowling v. City of Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988) (discussing elements of false arrest under § 1983). The proper inquiry "is not whether the person arrested in fact committed

the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling*, 855 F.2d at 141. An arrest lacking probable cause also gives rise to a claim for false imprisonment based on a detention resulting from the false arrest. *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995) (characterizing a § 1983 false imprisonment claim based on false arrest as one grounded in the Fourth Amendment guarantee against unreasonable seizures). Therefore, both claims rest on the issue of whether probable cause was present.

"An arrest was made with probable cause if 'at the moment the arrest was made . . . the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the suspect] had committed or was committing an offense.'" *Wright v. City of Philadelphia,* 409 F.3d 595, 602 (3d Cir. 2005) (quoting *Beck v. Ohio,* 379 U.S. 89, 91 (1964)). Probable cause "requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482-83 (3d Cir. 1995).

Generally, police officers are deemed to have probable cause to arrest when acting pursuant to a facially valid warrant. *Garcia v. Cnty. of Bucks, Pa.*, 155 F. Supp. 2d 259, 265 (E.D. Pa. 2001). Where an arrest is made pursuant to a warrant, "the plaintiff must show that 'a reasonably well-trained officer . . . would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant.'" *Bresko v. John*, 87 F. App'x 800, 802 (3d Cir. 2004) (quoting *Malley v. Briggs*, 475 U.S. 335, 345 (1986)). In other words, the plaintiff must show that the officer "obtained the warrant by (1) 'knowingly and deliberately, or with a reckless disregard for the truth, ma[king] false statements or omissions

5

that create[d] a falsehood' when he applied for a warrant and (2) that 'such statements or omissions [were] material, or necessary, to the finding of probable cause.'" *Id.* (quoting *Wilson v. Russo*, 212 F.3d 781, 787 (3d Cir. 2000)). This inquiry applies equally to an officer acting upon an indictment by a grand jury. *See Hector v. Watt*, 235 F.3d 154, 164-65 (3d Cir. 2000) (Nygaard, J., concurring) ("[I]f the facts supporting an arrest are put before an intermediate such as a magistrate or grand jury, the intermediate's decision breaks the causal chain" for purposes of § 1983 and *Bivens* liability), *adopted by*, *Egervary v. Young*, 366 F.3d 238, 250 (3d Cir. 2004).

The question here is whether Plaintiff has stated sufficient facts to establish that SA Popolizio acted "knowingly and deliberately, or with a reckless disregard for the truth" in identifying Plaintiff as the person involved in the drug conspiracy. *See Bresko*, 87 F. App'x at 802. Accepting the veracity of the factual allegations in the Complaint, Plaintiff fails to establish that SA Popolizio violated his constitutional rights.

Plaintiff states that SA Popolizio set up surveillance to observe and record two undercover drug transactions. During these transactions, SA Popolizio and other police officers observed a man driving a Ford Edge who supplied O.D. with PCP in exchange for money. The confidential source also provided a description of this man. During the second drug transaction, Police Officers Michael Williams and Carol Williams observed the driver of the Ford Edge and saw him meet with O.D. Both officers identified this man as Plaintiff. This identification alone can be sufficient to provide probable cause, absent known independent exculpatory evidence or substantial evidence of the witness's unreliability. *See Wilson*, 212 F.3d at 790. Here, SA Popolizio relied not only on police officers' identification, but also on his own surveillance and investigation in arresting Plaintiff. From these facts, a reasonable officer had probable cause to conclude that Plaintiff was the PCP supplier.

Plaintiff attacks the investigation, alleging that SA Popolizio "did not employ the proper investigation to obtain the real identity of the driver of the Ford Edge" and "failed to properly direct and supervise the identification procedure employed by his subordinates[.]" Compl. ¶¶ 17, 25. This, however, is insufficient to show a lack of probable cause. *See Orsatti*, 71 F.3d at 484 ("[T]he issue is not whether the information on which police officers base their request for an arrest warrant resulted from a professionally executed investigation[.]"); *see also Baker v. McCollan*, 443 U.S. 137, 145-46 (1979) ("[W]e do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence[.]"); *Vazquez v. Rossnagle*, 163 F. Supp. 2d 494, 500 (E.D. Pa. 2001) ("Once the [officer] had established that there was probable cause for an arrest . . . he did not need to confirm his finding of probable cause through additional investigations."). Plaintiff does not allege facts that the September 25, 2013 indictment was invalid because SA Popolizio created falsehoods "knowingly and deliberately, or with a reckless disregard for the truth." *See Bresko*, 87 F. App'x at 802. Rather, the alleged facts establish that SA Popolizio acted reasonably in light of known facts and circumstances. Thus, the Complaint does not plausibly plead lack of probable cause as required to maintain Plaintiff's *Bivens* claims.

## IV.   CONCLUSION

Viewing the evidence in the light most favorable to Plaintiff and drawing all inferences in his favor, this court concludes that the facts alleged by the Plaintiff are insufficient to state a claim for relief that is plausible on its face. Therefore, the Court grants SA Popolizio's motion to dismiss all claims against him. An appropriate order follows.