IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **KEITH ANDRE GORDON,** | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 15-111 |
| **POLICE OFFICER MICHAEL WILLIAMS, et al.,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM**

**Tucker, C.J.**                                                                                           **November 2, 2015**

Presently before the Court are Defendants Sergeant Daniel Dutch, Officer Carol Williams, Officer Michael Williams, and the City of Philadelphia's Motion for Judgment on the Pleadings (Doc. 20), Plaintiff Keith Andre Gordon's Response (Doc. 21), and Defendants' Reply (Doc. 24).  Upon consideration of the parties' submissions and for the reasons set forth below, this Court GRANTS Defendants' motion.

**I.        FACTUAL AND PROCEDURAL BACKGROUND**

The Court relies on the facts summarized in its prior opinion dated July 30, 2015 and will briefly recount them here.  *See Gordon v. Williams*, Civ. Action No. 15-111, 2015 WL 4578967, at *1 (E.D. Pa. filed July 30, 2015) (Doc. 18).  Defendants Sergeant Daniel Dutch, Police Officer Carol Williams, and Police Officer Michael Williams ("Defendants") are law enforcement officers who, at all times relevant to the Complaint, were on the Philadelphia Police Department's Intensive Drug Investigation Squad ("IDIS"), which enforced drug control laws in the Philadelphia region.  Defendants worked with Special Agent ("SA") Michael Popolizio of the

1

U.S. Drug Enforcement Administration ("DEA"). IDIS and DEA were targeting an individual, later identified as O.D., for selling phencyclidine ("PCP"), an illegal drug.

IDIS and DEA arranged for at least three purchases between a confidential source and O.D., two of which involved a man later identified as Plaintiff. On December 12, 2012, at approximately 1:10 p.m., Officer Michael Williams observed an unidentified African-American male exit a dark-colored Ford Edge and Sergeant Dutch observed the same man receive money from O.D. The confidential source informed the officers that this man supplied O.D. with the PCP and gave a physical description of the man. At a subsequent purchase on January 10, 2013, Officers Michael Williams and Carol Williams observed the African-American male driver of the Ford Edge at approximately 2:02 p.m. and 2:08 p.m., respectively. Both officers identified the driver as Plaintiff. Officer Carol Williams observed the driver meeting with O.D. at the time the confidential source purchased PCP from O.D.

The investigation led Defendants to believe that the driver of the Ford Edge, whom they identified as Plaintiff, was the supplier of PCP. On September 25, 2013, the United States Government filed an indictment charging Plaintiff and O.D. with five counts, including conspiracy to distribute PCP. Pursuant to the indictment, Plaintiff was arrested on January 6, 2014 and detained in federal custody until March 10, 2014, when the indictment was dismissed in the interests of justice.

Plaintiff initiated suit against Defendants and SA Popolizio on January 9, 2015, alleging false arrest under 42 U.S.C. § 1983 and *Bivens*[1] in violation of the Fourth and Fourteenth Amendments of the United States Constitution, conspiracy to commit false arrest, and common law false arrest. SA Popolizio moved to dismiss the complaint against him. After concluding that the well-plead facts of the Complaint did not establish lack of probable cause, this Court

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

granted SA Popolizio's motion on July 30, 2015. *Gordon*, 2015 WL 4578967, at *4. Plaintiff also alleges a violation of 42 U.S.C. § 1983 by the City of Philadelphia ("City") for developing and maintaining policies and/or customs exhibiting deliberate indifference to the constitutional rights of individuals. After filing an Answer, Defendants and the City move for judgment on the pleadings.

## II.     STANDARD OF REVIEW

Under Federal Rule of Civil Procedure ("Rule") 12(c), "[a]fter the pleadings are closed— but early enough not to delay trial—a party may move for judgment on the pleadings." Rule 12(c) motions based on the theory that the plaintiff failed to state a claim are reviewed under the same standard as motions to dismiss pursuant to Rule 12(b)(6). *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 146-47 (3d Cir. 2013). Under Rule 12(b)(6), the court evaluates the well-plead factual allegations of the complaint, accepts their veracity, and determines whether they plausibly give rise to an entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint is plausible on its face when its factual allegations allow a court to draw a reasonable inference that a defendant is liable for the harm alleged. *Santiago v. Warminster Twp.*, 629 F.3d 121, 128 (3d Cir. 2010). In evaluating well-plead factual allegations, the court is to construe the complaint in the light most favorable to the plaintiff. *Argueta v. U.S. Immigration & Customs Enforcement*, 643 F.3d 60, 74 (3d Cir. 2011).

Rule 12(d) is also relevant to motions for judgment on the pleadings. "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). In these circumstances, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* "Under Rule 12(c), a district court cannot

grant judgment on the pleadings . . . 'unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" *CoreStates Bank, N.A. v. Huls America, Inc.*, 176 F.3d 187, 193-94 (3d Cir. 1999) (citation omitted); *Crozer-Chester Med. Ctr. v. Crozer-Chester Nurses Ass'n*, Civ. Action No. 11-7300, 2012 WL 2500930, at *4 (E.D. Pa. June 29, 2012).

**III.   DISCUSSION**

Defendants and City move for judgment on the pleadings on grounds that Plaintiff fails to allege either federal constitutional claims or state common law claims.  In his Complaint, Plaintiff claims that the indictment was issued without probable cause and that Defendants acted with deliberate indifference by wrongfully identifying Plaintiff as the person involved in a drug conspiracy.  Plaintiff also claims that Defendants knew the Ford Edge was registered to a person with a known address and that they did not employ a proper investigation to obtain the real identity of the driver of the Ford Edge.

Regarding Counts II and III of the Complaint, which allege claims of false arrest, unlawful detention, and conspiracy, Defendants argue that Plaintiff does not plead facts establishing that Defendants lacked probable cause to arrest.  They also contend that SA Popolizio directed and supervised the entire investigation and Defendants' involvement was minimal.  At most, the Complaint alleges that, had Defendants conducted a more thorough investigation, they would not have mistaken Plaintiff for the driver of the Ford Edge.  Further, the confidential source identified Plaintiff as the supplier of the PCP.  This, according to Defendants, is not sufficient to attach liability to Defendants.  Regarding Count VI, the City moves for judgment on grounds that municipal liability does not follow when no underlying constitutional violation occurred.

Plaintiff responds that genuine issues of material fact exist to defeat judgment on the pleadings. Specifically, Plaintiff asserts that Defendants rely on the fact that the confidential source identified Plaintiff as the PCP supplier after police officers showed him a picture of Plaintiff after the January 10, 2013 transaction. This, however, does not appear in the Complaint. At the time of the Complaint's drafting, Plaintiff relied on information that his identification was made exclusively by Defendants Carol Williams and Michael Williams.

To maintain a false arrest or unlawful detention claim under the Fourth Amendment, a plaintiff must show that the arresting officer lacked probable cause for the arrest. *Johnson v. Bingnear*, 441 F. App'x 848, 851 (3d Cir. 2011); *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995); *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988). The proper inquiry "is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling*, 855 F.2d at 141. "An arrest was made with probable cause if 'at the moment the arrest was made . . . the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the suspect] had committed or was committing an offense.'" *Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005) (quoting *Beck v. Ohio,* 379 U.S. 89, 91 (1964)). Furthermore, a police officer acting pursuant to a facially valid warrant is deemed to have probable cause unless the plaintiff shows the officer "obtained the warrant by (1) 'knowingly and deliberately, or with a reckless disregard for the truth, ma[king] false statements or omissions that create[d] a falsehood' when he applied for a warrant and (2) that 'such statements or omissions are material, or necessary, to the finding of probable cause.'" *Bresko v. John*, 87 F. App'x 800, 802 (3d Cir. 2004) (quoting *Wilson v. Russo*, 212 F.3d 781, 787 (3d Cir. 2000)).

Upon review of the pleadings and the parties' filings, the Court concludes that judgment on the pleadings for the Defendants and City is appropriate.  As discussed in this Court's prior opinion, the factual allegations of the Complaint show that probable cause existed for SA Popolizio to effectuate Plaintiff's arrest.  *Gordon*, 2015 WL 4578967, at *4.  In arriving at its conclusion, the Court relied on the fact that Plaintiff's identification rested in part on the observations of Officers Carol Williams and Michael Williams.  *Id.*  For this reason, the Court dismisses Defendants' argument that their involvement was minimal as it was their police work that formed the basis of Plaintiff's arrest.

What does not appear in the Complaint, and the Court considers now under Rule 12(c), is the issue of the confidential source's direct identification of Plaintiff after seeing a photograph of Plaintiff provided by the police.  Defs.' Mem. in Supp. of Mot. for J. on the Pleadings 10, Doc. 20; Def. Popolizio's Mem. in Supp. of Mot. to Dismiss 3, Doc. 14.  A single photograph identification, however, is not a per se constitutional violation.  *Manson v. Brathwaite*, 432 U.S. 98, 114, 116 (1977) (concluding that, though identifications based on single-photograph arrays may be viewed with suspicion, "reliability is the linchpin" and should be evaluated under all the circumstances); *Simmons v. United States*, 390 U.S. 377, 384 (1968) ("We are unwilling to prohibit [the] employment [of identification by photograph], either in the exercise of our supervisory power or, still less, as a matter of constitutional requirement").  With regard to identifications based on a single photograph, the rule is to consider the case on its facts to determine whether improper police conduct created a substantial likelihood of misidentification.  *Perry v. New Hampshire*, 132 S. Ct. 716, 720 (2012); *Simmons*, 390 U.S. at 384.

Here, the facts alleged show that Defendants relied on reasonably trustworthy information in arresting Plaintiff and the use of an allegedly suggestive single photo array did not

6

lead to a substantial likelihood of misidentification.  "[A] suggestive and unnecessary identification procedure does not violate due process so long as the identification possesses sufficient aspects of reliability." *Brathwaite*, 432 U.S. at 106.  Plaintiff's arrest was not based solely on the confidential source's identification arising from a single photograph array, but from multiple identifications including those of trained officers.  This alone is usually sufficient to establish probable cause, absent known independent exculpatory evidence or substantial evidence of the witness's own unreliability.  *Wilson*, 212 F.3d at 790.  The well-plead facts of the Complaint establish that the confidential source identified the driver of the Ford Edge as the PCP supplier and Officers Carol Williams and Michael Williams identified the driver of the Ford Edge as Plaintiff.  The confidential source and Officers Carol Williams and Michael Williams had sufficient opportunity to view the driver during the course of two arranged drug transactions, both of which took place in midday.  All three identified Plaintiff.  Further, no facts indicate that Defendants "knowingly and deliberately, or with a reckless disregard for the truth," made false statements in support of the indictment.  *Bresko*, 87 F. App'x at 802 (quotation marks omitted).  When considered under the totality of the circumstances, the facts alleged indicate that Defendants' identification of Plaintiff as the PCP supplier was based on reliable information.  Accordingly, Plaintiff's arrest and detention was based on probable cause and judgment on the pleadings is awarded to Defendants.

**IV. CONCLUSION**

For the reasons set forth above, this Court concludes that Defendants' motion for judgment on the pleadings is GRANTED.  An appropriate order follows.